Dear Representative Schaeperkoetter:
This opinion is in response to your question,
 Does Section 80.090 RSMo 1978, or any other constitutional or statutory provision either authorize or prohibit a village to construct recreational facilities such as outdoor basketball or tennis courts on real estate owned by either a church or a not-for-profit civic organization, if the village is able to secure a long-term lease of the property.
Your have informed us that,
 Several towns and villages in my district are accumulating sales tax funds and have no real estate on which to contruct [sic] recreational facilities. Available land is often possessed by churches or civic organizations.
In 1961, the General Assembly enacted Sections 67.750 through67.780, entitled "Recreational Systems of Political Subdivisions." In these sections, the General Assembly expressly granted the governing body of a "political subdivision," as defined in Section67.750(3), authority to establish a system of public recreation. Specifically, Section 67.755.1, RSMo 1978, provides:
 The governing body of any political subdivision may provide, establish, equip, develop, operate, maintain and conduct a system of public recreation including parks and other recreational grounds, playgrounds, recreational centers, swimming pools, and any and all other recreational areas, facilities and activities, and may do so by purchase, gift, lease, condemnation, exchange or otherwise, and may employ necessary personnel. Funds to be spent for such purposes may be set up in their respective budgets by any governing body.
In view of this clear, unambiguous expression of legislative intent, we conclude that incorporated villages in Missouri may construct recreational facilities such as outdoor basketball or tennis courts and may lease property for that purpose.
Two sections of the Missouri Constitution prohibit the grant of state funds in aid to religious organizations. Article I, Section 7, Missouri Constitution (1945), provides:
 That no money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect or denomination of religion, or in aid of any priest, preacher, minister or teacher thereof, as such; and that no preference shall be given to nor any discrimination made against any church, sect or creed of religion, or any form of religious faith or worship.
Article IX, Section 8, Missouri Constitution (1945), provides:
 Neither the general assembly, nor any county, city, town, township, school district or other municipal corporation, shall ever make an appropriation or pay from any public fund whatever, anything in aid of any religious creed, church or sectarian purpose, or to help to support or sustain any private or public school, academy, seminary, college, university, or other institution of learning controlled by any religious creed, church or sectarian denomination whatever; nor shall any grant or donation of personal property or real estate ever be made by the state, or any county, city, town, or other municipal corporation, for any religious creed, church, or sectarian purpose whatever.
In Kintzele v. City of St. Louis, 347 S.W.2d 695 (Mo. banc 1961), the plaintiffs contended that the sale of land under the Land Clearance for Redevelopment Law (Sections 99.300 to 99.660, RSMo 1959) to a private school violated the state constitutional prohibitions cited above. The Missouri Supreme Court rejected this contention, holding, "`[S]ince this sale is an exchange of considerations and not a gift or subsidy, no "aid to religion" is involved and a religious corporation cannot be excluded from bidding.' . . ." Id. at 700, quoting 64th St. Residences, Inc.
v. City of New York, 4 N.Y.2d 268, 174 N.Y.S.2d 1, 4,150 N.E.2d 396 (1958), cert. denied 357 U.S. 907, 78 S.Ct. 1152,2 L.Ed.2d 1157 (1958). See also Opinion No. 56, Burch, (1970).
We believe the rationale employed in the Kintzele case applies to your question. Assuming that any lease of property from a church is entered into in good faith and for fair consideration following arm's-length negotiations, we believe that such a lease is an exchange of considerations, is not a gift or subsidy, and not an "aid to religion" in violation of the cited provisions of the Missouri Constitution.
Nor do we believe that such a lease would violate the establishment clause [Amendment I] of the United States Constitution. In School District of Abington Township, Pennsylvania v. Schempp,374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844, 858 (1963), the Supreme Court of the United States outlined a test to be applied in determining whether a proposed activity violates the establishment clause:
 The test may be stated as follows: what are the purpose and the primary effect of the enactment? If either is the advancement or inhibition of religion then the enactment exceeds the scope of legislative power as circumscribed by the Constitution. That is to say that to withstand the strictures of the Establishment Clause there must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion. . . .
We see no basis to support a contention that the purpose and primary effect of a village leasing property for municipal recreational purposes from a church is to advance religion.
We add two caveats: First, because Article I, Section 7, and Article IX, Section 8, Missouri Constitution (1945), are explicit regarding issues of church and state, guarding against public funds being used to benefit religion, extraordinary care should be exercised in any lease to provide that improvements to any real property owned by a church or other religious organization be severable to the greatest extent possible or that the residual value of any such improvements made be considered as part of the consideration for the lease.
Second, you should be aware of the limitations contained in Article VI, Section 26(a), Missouri Constitution (1945), that concern the permissible length of leases. See Ebert v. JacksonCounty, 70 S.W.2d 918 (Mo. 1934). We attach for your information two opinions of this office dealing with this issue: Opinion No. 304, Kiser (1965); Opinion No. 88, O'Halloran (1974).
CONCLUSION
It is the opinion of this office that an incorporated village may construct recreational facilities such as outdoor basketball or tennis courts with village funds and may lease property for this purpose from a church or not-for-profit civic organization.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Charles R. Miller.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Opinion No. 56 (1970) Opinion No. 304 (1965) Opinion No. 88 (1974)